Citation Nr: 1536799 
Decision Date: 08/28/15 Archive Date: 09/04/15

DOCKET NO. 08-35 005 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUES

1. Entitlement to service connection for chronic fatigue syndrome, to include as secondary to gastric ulcer, esophageal stricture, peptic esophagitis, and/or diverticulum.

2. Entitlement to service connection for a back disability, to include as secondary to gastric ulcer, esophageal stricture, peptic esophagitis, and/or diverticulum.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

G.R. Waddington, Associate Counsel


INTRODUCTION

The Veteran had active service from June 1968 to January 1969.

The appeal derives from an April 2008 rating decision issued by the RO in New Orleans, Louisiana, which denied, in pertinent part, service connection for chronic fatigue syndrome and a back disability.

This appeal was processed using the Virtual VA paperless claims processing system. Any future consideration of this case should account for the electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Remand is necessary to comply with the Veteran's request for a Board hearing in connection with his claim of entitlement to service connection for chronic fatigue syndrome and/or a back disability on a direct or secondary basis. In October 2008, the Veteran requested a hearing before the Board. October 2008 Substantive Appeal (VA Form 9); November 2008 Statement; August 2015 Motion to Remand for Video-Conference Hearing (requesting a Board video-conference hearing); see also July 2009 Statement (requesting to reschedule July 2008 hearing). He was scheduled for a hearing in July 2009, but he requested that the hearing be rescheduled. Consequently, the claim is remanded to schedule the Veteran for a video-conference hearing before the Board. See 38 C.F.R. §§ 20.703, 20.704, 20.1304 (2014).

The case is REMANDED for the following actions:

1. Schedule the Veteran for a video-conference hearing before the Board. Provide him with proper notice of the hearing date, time, and location and associate a copy of the notification with the claims file.

2. After the hearing is conducted, return the case to the Board for further review. Also return the case to the Board for further review, if the Veteran withdraws his hearing request or fails to report for the scheduled hearing.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).